UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JOCELYN PATRICIA SARMIENTO
ALANDETE,

            Petitioner,

v.

KEVIN RAYCRAFT et al.,

            Respondents.

_____/

Case No. 1:26-cv-2111

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the Calhoun County Correctional Facility in Battle Creek, Calhoun County, Michigan, initiated this action by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I.     **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of her current detention following an order issued by the Detroit Immigration Court denying her bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.15.)

In an Order entered on July 27, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should

not be granted. (Order, ECF No. 5.) Respondents filed their response and a recording of the June 23, 2026, bond hearing on July 30, 2026. (Resp., ECF No. 6; Recording of June 23, 2026, Bond Hearing, filed on July 30, 2026.)

## II.    Relevant Factual Background

Petitioner is a citizen of Colombia who entered the United States in 2023. (Notice to Appear (NTA), ECF No. 6-1, PageID.63.) On May 19, 2026, ICE arrested Petitioner.[1] (Resp., ECF No. 6, PageID.48.)

On June 23, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (*Id.*, PageID.47.) At the conclusion of the hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "Flight risk." (Immigration Judge Order, ECF No. 6-4, PageID.76.)

## III.    Discussion

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on June 23, 2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

---

[1] Petitioner was paroled into the United States until August 20, 2025. (I-94, ECF No. 6-3, PageID.73.) DHS agents arrested Petitioner on May 19, 2026, after her parole expired.

## **Conclusion**

For the reasons discussed above, the Court will enter a Judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:      August 6, 2026                      /s/ Jane M. Beckering
                                                Jane M. Beckering
                                                United States District Judge